## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CARLOS HERNANDEZ, | ) | |
| Plaintiff, | ) | 2:13-cv-01769-RCJ-VCF |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WELLS FARGO FINANCIAL NATIONAL | ) | |
| BANK, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This Fair Credit Reporting Act case concerns the accuracy of a "charge-off" designation on Plaintiff's credit report. Defendant Wells Fargo has moved to dismiss the first amended complaint ("FAC") (ECF No. 17). For the reasons stated herein, the motion to dismiss is granted.

## I.    FACTS AND PROCEDURAL HISTORY

Hernandez failed to pay on his Wells Fargo credit card account for over 120 days. (FAC, Ex. 1, ECF No. 13, at 8). As a result, in 2009, Defendant Wells Fargo "transferred [the account] to Security Credit Services, LLC" ("SCS") for collection. (FAC ¶ 6, ECF No. 13, at 2). Hernandez alleges that he "fully satisfied" the underlying account with SCS during 2010. (*Id.* ¶ 7). On June 6, 2013, he sent a notice of dispute to Experian Information Services, LLC ("Experian") and to Wells Fargo contesting Wells Fargo's reporting of his account as a charge-off. (*See id.* ¶ 8). In the notice, he requested that Wells Fargo delete the charge-off designation or revise it to "full satisfaction after charge-off." (FAC, Ex. 1, ECF No. 13, at 6). Hernandez alleges that Experian notified Wells Fargo of the dispute. (FAC ¶ 11, ECF No. 13, at 2).

An Experian credit report dated May 17, 2013, described the account's payment status as a "[c]harge off" but noted that the "[a]ccount [is] in dispute - reported by subscriber." (FAC, Ex. 1, ECF No. 13, at 8). On September 3, 2013, Hernandez procured a second Experian report. (FAC, ¶ 15; FAC Ex. 4, ECF No. 13, at 12). In this report, Wells Fargo again described the account's payment status as a "charge off" but revised the note: "[s]ubscriber reports dispute resolved - consumer disagrees." (FAC Ex. 4, ECF No. 13, at 12).

On December 13, 2013, Hernandez initiated this action, asserting a single cause of action under § 1681s-2(b) of the Fair Credit Reporting Act. (FAC, ¶ 29, ECF No. 13, at 5). Specifically, Hernandez complains that Wells Fargo has "willfully and/or negligently," (*id.*), erroneously reported the status of his account by "fail[ing] to report the account as *either transferred or fully paid*." (*id.* ¶¶ 8–9 (emphasis in the original)). Wells Fargo has moved to dismiss the FAC, arguing that, as a matter of law, it accurately reported the status of the account such that a claim under § 1681s-2(b) cannot be maintained. The Court now considers the pending motion.

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

## III.   ANALYSIS

Wells Fargo contends that the complaint must be dismissed because, as a matter of law, it accurately reported Hernandez's failure to pay his account as a charge-off. The Court agrees.

Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). To ensure that credit reports are accurate, the FCRA imposes certain duties on parties who furnish information to credit reporting agencies ("CRAs"). *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 (9th Cir. 2009).

Section 1681s-2(a) describes the "[d]uty of furnishers to provide accurate information," and subsection (b) establishes the duties of furnishers after receiving notice of a dispute. 15 U.S.C. § 1681s-2. Among other responsibilities, subsection (a) prohibits furnishers from reporting information with actual knowledge of errors and requires furnishers to correct and update information, and provide notice of disputes and closed accounts. 15 U.S.C. § 1681s-2(a)(1)(A), (2), (3). Subsection (b) provides that the furnisher shall, after receiving notice of a dispute from the CRA, conduct an investigation of the disputed information; review all relevant information provided by the CRA; report the results of the investigation to the CRA; and, if the investigation reveals that the information is incomplete or inaccurate, report those results to all other CRAs to which the furnisher has provided credit information. 15 U.S.C. § 1681s-2(b)(1)(A)-(D); *Gorman*, 584 F.3d at 1154.

While the "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies," §§ 1681n and 1681o provide a limited private right of action that applies to § 1681s-2(b)'s requirement to investigate disputes and report inaccuracies. *Id.* (citing 15 U.S.C. §§ 1681s–2(c) and (d)). If, however, a plaintiff fails to allege an initial inaccuracy in reporting, no claim under § 1681s-2(b) exists. *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) (holding that, due to their similar construction, a § 1681s-2(b) claim includes

the same "factual inaccuracy" requirement as a § 1681i claim); *Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217, 1230 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (collecting cases). The inaccuracy requirement comports with the purpose of the FCRA, which is "to protect consumers from the transmission of inaccurate information about them." *Gorman*, 584 F.3d at 1157. Nonetheless, a consumer report that is "technically accurate" may still be deemed "incomplete or inaccurate" under subsection (b) if the furnisher has omitted information that "creates a misleading impression." *Id.* at 1163. Therefore, "[i]t is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)." *Id.*

In the instant case, Hernandez affirmatively alleges that his account was charged off and sent to collections after he failed to pay on it for several months. (FAC ¶ 6, ECF No. 13, at 2; FAC, Ex. 1, ECF No. 13, at 8). Under similar circumstances, other district courts have found a charge-off designation, like the one presently at issue, to be accurate as a matter of law. *See, e.g.*, *Molton v. Experian Information Solutions, Inc.*, No. 02-C-7972, 2004 WL 161494, at *5 (N.D. Ill. Jan. 21, 2004) (finding a charge-off designation to be accurate and holding that, as a matter of law, the plaintiff could not establish a violation of § 1681e(b)); *Bolick v. DFS Services, LLC*, No. 10-CV-05211, 2011 WL 4359987, at *2 (E.D. Pa. Sept. 16, 2011) (holding that an account is accurately reported as a charge-off when the account is transferred to collections); *Schroeder v. Verizon Pennsylvania, Inc.*, No. 3:10-1305, 2011 WL 2651107, at *7 (M.D. Pa. June 16, 2011) ("Because the defendant conducted an investigation sufficient to conclude that the information

provided was accurate, it cannot be held liable pursuant to § 1681s–2(b).”); *see also Moline v. Experian*, 289 F.Supp.2d 956, 959 (N.D. Ill. 2003). The Eleventh Circuit has reached a similar conclusion:

> In interpreting the meaning of 'accuracy' within [§ 1681e(b) ], we cannot conclude that a debt which has been charged off by the creditor and is later settled for an amount less than the original balance due should be reported without any derogatory references on a credit report. This information, which reflects the efforts required to collect a debt, is clearly of interest to potential creditors and would be effectively hidden by a credit report that treated the account as being in good standing.

*Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991).

The facts in *Molton* were nearly identical to those presently at issue: Molton had a credit account with First National Bank of Marin ("First National") that was over 150 days past due. 2004 WL 161494, at *1. First National charged off Molton's account and transferred it to a collection agency, Allied Interstate. *Id.* In November 2001, Molton disputed that the account was hers. *Id.* After Experian confirmed that the account was Molton's and that the account was correctly reported as "charged-off," Molton settled the account with Allied for a lesser amount. *Id.* She then disputed the charge-off designation, but First National confirmed that Experian reported the account correctly. *Id.* Months later, after another bank denied Molton a mortgage, She again disputed First National's report. *Id.* at *2. Specifically, She wanted her account status to read "paid charge off/less than full balance" with a comment stating "account legally paid in full for less than full balance," and First National ultimately changed the report to include this exact language. *Id.* Nonetheless, the court held that the initial charge-off designation, without any note or comment as to the subsequent payoff, was accurate as a matter of law:

> Molton's partial payment of the outstanding debt, though relinquishing her from liability for the full amount of the debt, did not constitute a payment in full. The description of the account as charged off was both intended by [the furnisher] and accurate . . . . [T]he fact that [the furnisher] decided to amend Molton's credit

report to include the statement "paid charge-off/less than full balance' did not render prior reports inaccurate, because the amendment represented [the furnisher's] attempt to mollify Molton and did not reflect a change in [the furnisher's] view of the status of her account . . . . Based on the undisputed facts, Molton's credit report at all times accurately reflected the status of her . . . account as intended by [the furnisher]."

*Id.* at *5. Accordingly, the court concluded, no "reasonable investigation . . . could have uncovered any inaccuracy in [Molton's] report because there was never any factual deficiency in the report" in the first place. *Id.*

This Court finds these well-reasoned decisions persuasive, and likewise concludes that Hernandez's credit report is neither inaccurate nor misleading. Although Hernandez alleges that he satisfied the account with SCS, he concedes that he did not settle the account with Wells Fargo before or after the charge-off. Thus, there is no factual deficiency in the charge-off designation, even without Hernandez's desired notation. Moreover, a note reading "full satisfaction after charge off" or "transferred" or "fully paid" would itself be misleading and improper because it would suggest that Hernandez fully satisfied his obligation to Wells Fargo. He did not, and this information "is clearly of interest to potential creditors and would be effectively hidden by a credit report that treated the account as being in good standing." *Cahlin*, 936 F.2d at 1158. Accordingly, the charge-off designation is accurate as a matter of law, and Hernandez cannot state a § 1681s-2(b) claim against Wells Fargo for initially refusing to revise it. Wells Fargo's motion to dismiss is therefore granted.

///

///

///

7

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's motion to dismiss (ECF No. 17) is GRANTED. The first amended complaint (ECF No. 13) is DISMISSED, and the Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated:  April 15, 2014

_____
ROBERT C. JONES
United States District Judge